UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

DAPHNE GUNTER,

                  Plaintiff

v.

SHAPLEY & STERN, INC. and JAMES PATTERSON,

                  Defendants

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Daphne Gunter (hereinafter referred to as "Plaintiff"), is a natural person with a residential address of 8 Maple Street, Gloucester, Essex County, Massachusetts.

2. The Defendant, Shapley & Stern, Inc. (hereinafter referred to as "Defendant Company," or when referred to collectively, as "Defendants"), is a corporation located at 634 Swan Street Ramsey, New Jersey.

3. The Defendant, James Patterson (hereinafter referred to as "Defendant Patterson," or when referred to collectively, as "Defendants"), is a natural person with a last known business address of 634 Swan Street, Ramsey, New Jersey.

### Jurisdiction

4. This Court has jurisdiction over the claims set forth herein, pursuant to 28 U.S.C. §§ 1331 and 1332 and otherwise.  There are federal questions of law and the amount in

controversy is in excess of $75,000.00.  The Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, as amended.  This Court has supplemental jurisdiction over the state law claims brought under M.G.L. c. 151B, pursuant to 28 U.S.C. § 1367.

**Facts**

5. The Plaintiff began her employment with the Defendant Company in or around July, 2018, as an Account Manager covering the New England territory.  The Plaintiff worked remotely from home and at various architectural firms that were predominantly located in Boston, Massachusetts.

6. The Plaintiff always performed her job responsibilities well throughout the course of her employment with the Defendant Company.

7. During her employment with the Defendant Company, the Plaintiff was sexually harassed by her coworker, Defendant Patterson.

8. In or about July, 2018, during her first week of employment, the Plaintiff went to New York for training with other new hires and potential hires. Defendant Patterson was also in New York for an interview with the Defendant Company. At lunch, they all sat together. Defendant Patterson reached under the table and touched the Plaintiff's leg multiple times. This made the Plaintiff uncomfortable, so the Plaintiff left lunch early to go back to Boston.  There are other examples as well.

9. On or about August, 2018, the Defendant Company had a video conference call which included the Plaintiff, Jamie Stern, Hayley Stern via audio only, Defendant Patterson and three other representatives. After the conference call, the Plaintiff received an email that said, "You look comfortable on the couch [smiley face]."  The Plaintiff thought it was her boss and Defendant Company owner, Jamie Stern.  The Plaintiff responded, "Hi Jamie,

it's very warm so it's not that comfortable. Did I miss anything? The battery on my device died." The Plaintiff received an email from Jamie asking if her questions were answered and if she had any additional questions. The Plaintiff realized that Defendant Patterson sent her the first email. Defendant Patterson responded, "How's it going in Boston?" The Plaintiff said, "Oh, sorry James, I thought you were Jamie. I'm acclimating, but it's going well." Defendant Patterson replied, "I'm doing well, on my own full time since August 1st [smiley face]. What's your cell phone number so we can keep in touch?" The Plaintiff immediately forwarded this response to her Supervisor, Hayley Stern, who said Human Resources would reach out to me. There are other examples as well.

10. Approximately two days later, Gloria, from Human Resources, contacted the Plaintiff and asked if she wanted to file a formal report. The Plaintiff said she didn't want to file a formal report; she just wanted him to be spoken to. Gloria asked the Plaintiff what happened. The Plaintiff told Gloria that she felt uncomfortable and told her about the emails and the sexual harassment when Defendant Patterson touched her leg. Gloria said, "I'm surprised, he is religious and married." Gloria also said she would speak to him and she agreed that there was no reason for him to ask for the Plaintiff's number. Gloria then said, "If he really wanted your number he could have asked someone else in the company."

11. On or about August, 2018, the Plaintiff received a phone call from Defendant Company's owner, Jamie Stern. Mr. Stern gave the Plaintiff a monthly sales review during this phone call. He told the Plaintiff that she was doing really well. He also said the Plaintiff would receive a list of possible clients he wanted her to pursue. The Plaintiff never

received this list. The Plaintiff followed up over the course of a few months with Mr. Stern through email and voicemail about not receiving the list of possible clients he mentioned. He told the Plaintiff that Hayley has been busy and will send them to me.

12. In or about December, 2018, Hayley emailed the Plaintiff about not pursuing the possible clients. The Plaintiff explained to Hayley that she never received a list of the possible clients. The Plaintiff also told Hayley that she was creating a plan to pursue them. Hayley told the Plaintiff to finish out the year strong.

13. On or about January 2, 2019, the new Regional Manager, Chris, contacted the Plaintiff about going to New Jersey for training within the next few weeks. The Plaintiff was under the understanding that she and another Account Manager, Emily, were going to New Jersey for this training.

14. On or about January 2, 2019, the Plaintiff received a phone call from Chris. He was confirming that the Plaintiff was available on or around January 9th or 10th for the training. The Plaintiff confirmed that she was available.

15. A few hours later, on or about January 4, 2019, the Plaintiff received a confirmation email from Chris, where she noticed Defendant Patterson was listed for attending this training. The Plaintiff felt immediately uncomfortable and expressed her concern to her Project Manager, Zack. He said he did not know who was attending the training and dismissed the Plaintiff's concerns.

16. On or about January 7, 2019, the Plaintiff started her shift as usual. The Plaintiff received a phone call from Defendant Company's Owner, Mr. Stern. He informed the Plaintiff that they were "rethinking the territory," and the Plaintiff's employment was abruptly terminated.

17. The Plaintiff has satisfied the prerequisites to filing suit.

## Count I
**(Title VII of the Civil Rights Act of 1964, as Amended ("Title VII") - Sexual Harassment)**
**Plaintiff v. Defendant Company**

18. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

19. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Company.

20. The Plaintiff was terminated from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

21. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.  The Plaintiff suffered a hostile work environment.

22. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, Shapley & Stern, Inc., and for all damages available pursuant to Title VII.

## Count II
**(Title VII - Sex/Gender Discrimination and Harassment)**
**Plaintiff v. Defendant Company**

23. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

24. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's sex/gender and the sexual harassment of her by the Defendant Company.

25. The Plaintiff was terminated from her employment, at least in part, based upon her

reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

26. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

27. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and harassing conduct and sexual harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, Shapley & Stern, Inc., and for all damages available pursuant to Title VII.

### Count III
### (Title VII - Retaliation)
### Plaintiff v. Defendant Company

28. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

29. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender and her reporting and resisting of sexual harassment. The Plaintiff was retaliated against by Defendant Company based upon her sex/gender and for having reported said sexual harassment.

30. The Plaintiff was retaliated against and was terminated from her employment, at least in part, based upon her sex/gender and reporting and resisting of said sexual harassment.

31. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

32. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, Shapley & Stern, Inc., and for all damages available pursuant to Title VII.

### Count IV
### (M.G.L. c. 151B - Sexual Harassment)
### Plaintiff v. Defendant Company

33. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

34. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Company.

35. The Plaintiff was terminated from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

36. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

37. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, Shapley & Stern, Inc., and for all damages available pursuant to M.G.L. c. 151B.

### Count V
### (M.G.L. c. 151B - Sex/Gender Discrimination and Harassment)
### Plaintiff v. Defendant Company

38. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

39. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the Plaintiff's sex/gender and the sexual harassment of her by the Defendant Company.

40. The Plaintiff was terminated from her employment, at least in part, based upon her reporting of and/or resisting of said sexual harassment and the sexual harassment itself.

41. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment. The Plaintiff suffered a hostile work environment.

42. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory and harassing conduct and sexual harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, Shapley & Stern, Inc., and for all damages available pursuant to M.G.L. c. 151B.

### Count VI
### (M.G.L. c. 151B - Retaliation)
### Plaintiff v. Defendant Company

43. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

44. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her sex/gender and her reporting and resisting of sexual harassment. The Plaintiff was retaliated against by the Defendant Company based upon her sex/gender and for having reported said sexual harassment.

45. The Plaintiff was retaliated against and was terminated from her employment, at least in part, based upon her sex/gender and reporting and resisting of said sexual harassment.

46. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

47. The Plaintiff was severely and adversely affected by the Defendant Company's conduct and the failure of the Defendants to take reasonable steps to ensure that this

discriminatory conduct, retaliation and harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, Shapley & Stern, Inc., and for all damages available pursuant to M.G.L. c. 151B.

### Count VII
### (M.G.L. c. 151B - Sexual Harassment)
### Plaintiff v. Defendant Patterson

48. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

49. The Plaintiff was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff by Defendant Patterson.

50. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

51. The Plaintiff was severely and adversely affected by the conduct of Defendant Patterson and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, James Patterson, and for all damages available pursuant to M.G.L. c. 151B.

### Count VIII
### (M.G.L. c. 151B - Retaliation)
### Plaintiff v. Defendant Patterson

52. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

53. The Plaintiff was treated differently as to the terms and conditions of her employment based upon her reporting of sexual harassment and discrimination.

54. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of her employment.

55. The Plaintiff was severely and adversely affected by the conduct of Defendant Patterson

and the failure of Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would cease.

WHEREFORE, the Plaintiff, Daphne Gunter, respectfully requests judgment against the Defendant, James Patterson, and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL AGAINST THE DEFENDANTS ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,

The Plaintiff
DAPHNE GUNTER
By Her Attorney

/s/ Michael O. Shea                    Dated:  December 10, 2019
MICHAEL O. SHEA, ESQ.
BBO No. 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone No. (413) 596-8005
Facsimile No. (413) 596-8095
Email: owenshea@aol.com