UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAPHNE GUNTER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-12502-IT |
| | * | |
| SHAPLEY & STERN, INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

January 25, 2021

TALWANI, D.J.

Plaintiff Daphne Gunter, a former account manager with Defendant Shapley & Stern, Inc., brought this action alleging that her former coworker sexually harassed her, that she reported his behavior to Shapley & Stern's human resources office, and that Shapley & Stern subsequently terminated her. Am. Compl. [#25] at ¶¶ 7-10, 16. She asserts claims against Shapley & Stern under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq*., and G. L. c. 151B ("chapter 151B"). Shapley & Stern's pending Partial Motion to Dismiss [#27] sought, *inter alia*, dismissal of the state law claims on the ground that Shapley & Stern is not subject to chapter 151B.[1] For the following reasons, the Partial Motion to Dismiss [#27] is DENIED.

---

[1] Shapley & Stern also sought dismissal of some of the state and federal claims for failure to plead sufficient facts to state a claim. At a status conference at the conclusion of fact discovery, the parties agreed that the Partial Motion to Dismiss [#27] would be limited to the issue of whether Shapley & Stern is subject to chapter 151B and that the remaining issues would be better considered on summary judgment. Elec. Clerk's Notes [#39].

I.  **Discussion**

Chapter 151B makes it unlawful "for an employer, personally or through its agents, to sexually harass any employee." G. L. c. 151B § 4(16A). Under the statute, "[t]he term 'employer' does not include . . . any employer with fewer than six persons in his employ." Id. § 1(5).

Shapley & Stern argues that Gunter has failed to state a claim under chapter 151B because she has not pleaded how many employees the company has in Massachusetts. Partial Mot. to Dismiss 4 [#27]. Shapley & Stern contends that an employer must have six employees in the state to be subject to chapter 151B. Id. But Shapley & Stern does not identify any case law in support of this proposition; rather, it directs the court to a single case in which a state court found that an employer *was* liable under chapter 151B because it employed at least six employees nationwide. Id. at 4 n.2. See also Curran v. Wells' Dairy, Inc., No. 00-5660, 2001 Mass. Super. LEXIS 678 (July 13, 2001).

A court's "primary duty in interpreting a statute is 'to effectuate the intent of the Legislature in enacting it.'" Global NAPs, Inc. v. Awiszus, 457 Mass. 489, 496 (2010) (quoting International Org. of Masters v. Woods Hole, Martha's Vineyard & Nantucket S.S. Auth., 392 Mass. 811, 813 (1984)). A court may not "add words to a statute that the Legislature did not choose to put there in the first instance." Id. Rather, it "accord[s] the words of the statute their ordinary meanings . . . with due regard to the statute's purposes." Pyle v. Sch. Comm. of South Hadley, 423 Mass. 283, 286 (1996). Where "the language of a statute is clear and unambiguous, it is conclusive as to the intent of the Legislature." Global NAPs, Inc., 457 Mass. at 496. In addition, the Massachusetts Supreme Judicial Court "construe[s] civil rights statutes liberally, giving effect to every provision to produce a consistent body of law." Thurdin v. SEI Bos., LLC,

452 Mass. 436, 444 (2008). "[W]here there is an express exception in a statute, it comprises the only limit on the operation of the statute and no others will be implied." Id.

Chapter 151B also contains the express instruction that it "shall be construed liberally for the accomplishment of its purposes," G. L. c. 151B § 9, which are to minimize, penalize, and ultimately eliminate discrimination, Massachusetts Comm'n Against Discrimination v. Liberty Mut. Ins. Co., 371 Mass. 186, 191 (1976). Broadly, the statute "seeks the removal of artificial, arbitrary, and unnecessary barriers to full participation in the workplace." College-Town, Div. of Interco, Inc. v. Massachusetts Comm'n Against Discrimination, 400 Mass. 156, 162 (1987).

Chapter 151B is silent as to whether the requisite employees must all be employed in the state. Where both chapter 151B itself and the Massachusetts Supreme Judicial Court direct courts to liberally construe the statute, the court declines to add the requirement that at least six of these employees be employed within Massachusetts.

Gunter's Amended Complaint [#25] alleges that she worked remotely from her home in Massachusetts and from several architectural firms located predominantly in Boston, covering the New England territory. Id. at ¶ 5. She further alleges the existence of more than six Shapley & Stern employees nationwide.[2] If these facts are established, Shapley & Stern is an employer for purposes of chapter 151B.

---

[2] See Am. Compl. ¶¶ 5 (Gunter), 7 (Patterson), 9 (Jamie Stern, Hayley Stern, three other representatives), 10 (Gloria from Human Resources), 13 (Regional Manager Chris, Account Manager Emily), 15 (Project Manager Zack) [#25].

## II.     Conclusion

For the foregoing reasons, Shapley & Stern's <u>Partial Motion to Dismiss</u> [#27] is DENIED.

IT IS SO ORDERED.

January 25, 2021                                                                  <u>/s/ Indira Talwani          </u>
                                                                                                                United States District Judge